IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| PAUL D. THIBODEAUX, #1539087, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Case Nos. 6:19-CV-379-JDK-JDL |
| | § | & 6:19-CV-380-JDK-JDL |
| LORIE DAVIS, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Paul Dewayne Thibodeaux, proceeding pro se, filed three petitions for a writ of habeas corpus pursuant to §§ 2241 and 2254 attacking his 2012 criminal conviction. The cases were referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On August 27, 2019, Judge Love issued a Report and Recommendation (Docket No. 5), recommending that Petitioner's habeas petitions in these two cases be dismissed without prejudice as to his right to pursue his habeas claims in case number 6:19-cv-378.

In his report, the Magistrate Judge found that all three petitions challenge the same conviction and raise the same or strikingly similar claims. Docket No. 5 at 2. He recommended summarily dismissing these later two cases as duplicative of the claims presented in case number 6:19-cv-378, pursuant to *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). *Id*.

Petitioner timely objected to the Report and Recommendation. Docket No. 7. The Court has conducted a careful de novo review of the record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (The district judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Having reviewed the Magistrate Judge's Report and

1

Recommendation and the relevant objections, the Court has determined that the Report of the United States Magistrate Judge is correct and Petitioner's objections are without merit.

As the Fifth Circuit held in *Pittman*, the ordinary course for a district court confronted with a duplicative later-filed action is to dismiss the later-filed action. 980 F.2d at 995. "[T]he court should insure [sic] that the plaintiff obtains one bite at the litigation apple—but not more." *Id.* A review of Petitioner's filings in each of these three cases confirms the Magistrate Judge's findings. Each of the three petitions includes substantially similar claims all challenging Petitioner's 2012 criminal conviction. Petitioner's objections do not address the duplicative nature of these petitions, but rather, address his substantive claims. As the Magistrate Judge stated, Petitioner's various habeas claims should all be addressed in case number 6:19-cv-378.

Finding no error in the Magistrate Judge's Report and Recommendation, the Court hereby **ADOPTS** the Magistrate Judge's Report (Docket No. 5) as the opinion of the Court and **OVERRULES** Petitioner's objections (Docket No. 7). It is hereby **ORDERED** that Petitioner's habeas petitions in both 6:19-cv-379 and 6:19-cv-380 are **DISMISSED WITHOUT PREJUDICE** as to Petitioner's right to pursue his habeas claims in case number 6:19-cv-378. A certificate of appealability is **DENIED** *sua sponte*. All pending motions are **DENIED** as **MOOT**.

**So ordered and signed on this**
**Dec 6, 2019**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE